UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO. 20-cr-10145-FDS |
| v. ) | |
| ) | |
| SHAWN HERRON, ) | |
| Defendant. ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE A BILL OF PARTICULARS & MOTION FOR A BILL OF PARTICULARS (Dkt. No. 45)

### INTRODUCTION

One year after defendant was arrested on a criminal complaint, one year after the government first began producing discovery, and six months after the indictment issued, defendant now moves for a bill of particulars. For the reasons set forth below, this Court should summarily deny that motion.

### ARGUMENT

**I.     Relevant Procedural History**

On February 11, 2020, defendant was arrested on a criminal complaint, which was based on an eleven-page, 32-paragraph affidavit. The government made early disclosures on February 12, 2020, March 12, 2020, and March 25, 2020. The indictment issued August 10, 2020.

The government disclosed any additional automatic discovery, including a detailed cover letter which listed the produced files, on September 3, 2020. The discovery has been electronic and searchable. To ensure that new counsel received a complete file, the government made duplicate productions on October 21, 2020 and October 28, 2020. The government, in an effort

to accommodate additional requests by counsel, made further disclosures on December 11, 2020, December 22, 2020, January 12, 2021 and January 22, 2021.

Files produced include, *inter alia*:

- Defendant's Miranda Rights form
- Defendant's Sworn Statement[1]
- Screenshots of Defendant's Text Messages
- Agent's Memorandum of Interview with the Defendant
- Package tracking details
- Photos and video files
- Defendant's criminal history
- Defendant's internet history
- Agent's Memorandum of Activity
- Grand Jury Exhibits
- Complete thumb drive with forensic examination of Defendant's phone[2]
- Agent's interview notes
- Defendant's Job Description, ratings and postal SOP's
- Defendant's Letter of Warning
- Lists of Postal employees[3]
- Floor plan of the Fall River Post Office
- Package totals for 2018 through 2020

In addition, the government identified unindicted co-conspirators in its automatic disclosure letter.

---

[1] Defendant's handwritten, sworn statement demonstrates an understanding of the charges.

[2] The government notes that it has gone to great lengths to assist defense counsel with his efforts to access and search the phone dump, including offering him assistance from its Litigation Technology Department.

[3] Defendant suggests, in his companion motion for specific exculpatory evidence (Docket No. 44), that the government did not produce employee lists as requested. This is not true. We declined to produce addresses but will do so if a protective order is in place.

Defendant moved for a bill of particulars over six months after his indictment, a year after his arrest on a criminal complaint, and after several back and forth discussions between counsel on requests for supplemental disclosures.[4]

## II.     Standard of Review

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim P. 7(c)(1). If a defendant believes an indictment fails to meet this standard, he may move for a bill of particulars within fourteen days after arraignment "or at a later time if the court permits." *Id.* 7(f).

A bill of particulars is appropriate only "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks omitted). "[I]n general, an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense." *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). "Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id.* at 1192-93 (citing *United States v. Abreu*, 952 F.2d 1458, 1469 (1st Cir. 1992)).

---

[4] This motion also comes after the government afforded counsel an opportunity for a "view" of the Fall River Post Office on the evening of December 30, 2020 during which defense counsel asked specific questions about the scheme involving the missing packages.

### III. Defendant's Motion for a Bill of Particulars Is Without Merit

The Court should deny defendant's motion because it is without merit. Although he gives a nod to Rule 7(f) of the Rules of Criminal Procedure by requesting leave of Court, defendant fails to state a basis for why such leave should be allowed at this late date. Indeed, defendant's confession (attached as Ex. 1) and detailed discovery request (attached as Ex. 2) demonstrate that he understands precisely the charges against him.[5]

In any event, the motion fails on the merits. The Complaint Affidavit (attached as Ex. 4) is extremely detailed and the Indictment tracks the same offenses. The government has produced a detailed list of discovery and discovery which is in searchable form.

Despite all this detail, defendant seeks additional information.[6] The Court should deny his motion because a bill of particulars "is not designed to be a discovery device or to permit defendants to preview the evidence or the government's theory of the case." *United States v. Cadden*, Crim. No. 14-10363-RGS, 2016 WL 10879706, at *2 (D. Mass. Jan. 28, 2016) (denying defendants' motion for bill of particulars) (citing *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)).

---

[5] The government's responses to Ex. 2 are attached at Ex. 3.

[6] As evidenced by the discovery letters filed herewith, defendant has sought additional - and in the government's view, at times excessive - discovery. As is also evidenced by those discovery letters, the government has gone above and beyond its duty to be forthcoming and accommodating. The government further disagrees that the "specific exculpatory evidence" sought in Docket No. 44 is indeed exculpatory or required at this stage of the proceeding. Nevertheless, as set forth in the response to that motion, the government will produce some of the requested information with appropriate protections.

Defendant's decision to request a bill of particulars at such a late date is an indication that he is not, in fact, confused about the charges against him. As Judge O'Toole noted in another case:

> Ordinarily, a motion for a bill of particulars is made within 14 days of a defendant's arraignment. *See* Fed. R. Crim. P. 7(f). That timing is generally appropriate because it should be rather quickly apparent to a defendant whether the indictment adequately advises him of what he is charged with. The present motion comes long after the defendant's arraignment on the present superseding indictment, a fact that supports the suspicion that he is not so much confused about what he is charged with as he is desirous of using a bill of particulars as a discovery device.

*United States v. Mehanna*, Crim. No. 09-10017-GAO, 2011 WL 796400, at *2 (D. Mass. Mar. 1, 2011) (denying motion for bill of particulars).

Here, defendant's receipt of extensive, searchable e-discovery also indicates that he has ample information elucidating the charges in the indictment and does not need a bill of particulars. *See, e.g., Sepulveda*, 15 F.3d at 1193 (affirming denial of motion for bill of particulars where defendants "enjoyed the benefits of modified open-file discovery, *i.e.*, automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement"); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full discovery will obviate the need for a bill of particulars."); *United States v. Godfrey*, Crim. No. 11-10279-RWZ, 2013 WL 1414887, at *3 (D. Mass. Apr. 5, 2013) (denying motion for bill of particulars where government had provided discovery in searchable format). This is not a particularly complex case. But even if it were, defendants cannot "use the vastness or complexity of the alleged [charges] and its attendant documentary evidence as a sword against the government when the Indictment, discovery, and other information provided by the government adequately notify the Defendants of the charges against them." *United States v. Rigas*, 258 F. Supp. 2d 299, 305 (S.D.N.Y. 2003) (denying motion for bill of particulars).

In sum, the indictment and searchable discovery more than elucidate the elements of the crimes charged; they notify defendant as to the nature of the charges; and they enable him to plead double jeopardy in bar of future prosecutions for the same offense. Accordingly, defendant has failed to prove that he needs a bill of particulars, and his motion should be denied.

## CONCLUSION

For the above reasons, the United States respectfully requests that the Court deny defendant's Motion for a Bill of Particulars (Docket No. 45).

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:   /s/ Eugenia M. Carris
      Eugenia M. Carris
      Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the below date, this document was filed through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing.

 /s/ Eugenia M. Carris
Eugenia M. Carris
Assistant U.S. Attorney

March 2, 2021