UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| V. | ) ) | Criminal No. 1:20-CR-10145-FDS |
| SHAWN HERRON | ) ) ) | |

**PRELIMINARY MEMORANDUM IN SUPOPRT
OF DEFENDANT'S MOTION TO SUPPRESS STATEMENT**

The defendant, Shawn Herron, submits this preliminary memorandum in support of his pending Motion To Suppress Statements and prior to an evidentiary hearing on his motion. The defendant's motion to suppress and his affidavit in support thereof, assert that upon being confronted by Postal Inspectors on February 11, 2020 at the Federal Post Office in Fall River, MA and prior to being questioned and prior to his giving or making verbal and written statements, he requested to contact an attorney and although he endeavored to do so, he was not afforded an opportunity to contact an attorney.

In Massiah v. United States, 377 U.S. 201 (1964) the Supreme Court determined that a confession obtained from a defendant after indictment and in the absence of counsel violated his Sixth Amendment rights to counsel. Following Massiah, in Escobedo v. Illinois, 378 U.S. 478 (1964), the Supreme Court extended the right to counsel to an unindicted defendant who had requested, but was denied, the right to speak with counsel:

> We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied the opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to

1

remain silent, the accused has been denied the 'Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as "made obligatory upon the States by the Fourteenth Amendments' . . . and that no statement elicited by the police during the interrogation may be used against him at a criminal trial.
Id. at 490-491

The Supreme Court, two years rather, in Miranda v. Arizona, 384 U.S. 436 (1966) the focus changed from the Sixth Amendment right to counsel to the Fifth Amendment's privilege against self-incrimination.  The crux of the Court's decision in Miranda is, "our holding . . . briefly stated . . . is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  Id. at 444  The Court stated that custodial interrogation involves "questioning initiated by law enforcement officers  after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."  Id. at 444  The warnings required by Miranda must convey to an individual that the right to an attorney includes the right to the presence of an attorney during questioning.  Id. at 471.  "[T]he term interrogation under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.  The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. . . A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation."  Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

Under the Sixth Amendment, the right to counsel is designed to preserve the integrity of an accused's choice to communicate with police officers only through counsel.  The right does not bar an accused from making an initial election to speak with police officers without the aid of counsel.  The Sixth Amendment right to counsel may be waived by a defendant, if the relinquishment of the right is knowing, intelligent and voluntary.  See, Patterson v. Illinois, 487 U.S. 285, 292, N.4 (1988), Brewer v. Williams, 430 U.S. 387, 404 (1977).  A defendant may waive the right to counsel whether or not he is already represented by counsel and the decision to waive need not itself be counselled.  Michigan v. Harvey, 494 U.S. 244, 252-253 (1990), Montejo v. Louisiana, 556 U.S. 778 (2009).  To be valid, a waiver of Miranda rights must be made voluntarily, knowingly and intelligently.  In determining whether a waiver was made voluntary, the Court must examine the totality of the circumstances surrounding the making of the waiver.  See, Berghuis v. Thompkins, 560 U.S. 370 (2010), North Carolina v. Butler, 441 U.S. 369, 373 (1979).

The defendant submits that his right to counsel was violated by not affording him, despite his requests, an adequate opportunity to contact and confer with an attorney, at a time when the theft of mail focused on him by postal inspectors.  Moreover, that the defendant was "in custody" when postal inspectors initiated questioning of him and that

the verbal and written statements made by the defendant are not admissible in evidence as he did not make a voluntary, knowingly and intelligent waiver of his Miranda rights.

                                              Respectfully submitted
                                              By his attorney,

                                              /s/ Bernard Grossberg
                                              _____

                                              Bernard Grossberg
                                              38 Green Street
                                              Milton, MA 02186
                                              (617) 737-8558
                                              B.B.O. No. 212900

## CERTIFICATE OF SERVICE

      I, Bernard Grossberg, hereby certify that on April 27, 2021, I served a true copy of the **Preliminary Memorandum In Support Of Defendant's Motion To Suppress Statements** upon Assistant United States Attorney, Eugenia Carris, Office of the United States Attorney, 1 Courthouse Way, Boston, MA  02210 by electronic filing to all registered users.

                                              /s/ Bernard Grossberg
                                              _____
                                              Bernard Grossberg