UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>SHAWN HERRON, )<br>a/k/a SHAWN M. HERRON )<br>Defendant. )<br>) | Criminal No. 20-10145-FDS |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**SAYLOR, C.D.J.**

WHEREAS, on August 6, 2020, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging the defendant Shawn Herron, (the "Defendant"), with Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. § 846 (Count One) and Theft of Mail by Postal Employee, in violation of 18 U.S.C. § 1709 (Count Two);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.  The property to be forfeited included, but was not limited to:

a.  $4,000, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c)

has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on October 22, 2021, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment. At the hearing, the United States gave a recitation of the facts, and provided notice that the United States intended to seek a forfeiture money judgment in the amount of $4,000 on the grounds that such amount is equal to the amount of proceeds Defendant derived from the offense;

WHEREAS, based on the Defendant's admissions in her guilty plea on October 22, 2021, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $4,000, pursuant to 21 U.S.C. § 853; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $4,000, pursuant to 21 U.S.C. § 853.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, pursuant to Rule 32.2(b)(3) of the Federal Rules

of Criminal Procedure and 21 U.S.C. § 853(m), conduct discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Dated: 1.27.2022

_____
**F. DENNIS SAYLOR IV**
Chief United States District Judge

3